IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| HATTIE DANIEL, et al., | * |
| Plaintiffs, | * |
| vs. | *   CASE NO. 3:07-CV-053 (CDL) |
| QUAIL INTERNATIONAL, INC., | * |
| Defendant. | * |

O R D E R

Plaintiffs seek to have the Court conditionally certify their putative Fair Labor Standards Act ("FLSA") collective action pursuant to 29 U.S.C. § 216(b). Named Plaintiffs Hattie Daniel and Jackie Woods and opt-in Plaintiff Andrea Weaver worked as quail processing laborers in Defendant's Greensboro, Georgia quail processing plant. These Plaintiffs contend that Defendant forced them to work "off the clock" and through breaks but did not pay them for that work, thus denying them hourly wages and overtime pay in violation of the FLSA. Plaintiffs contend that Defendant had at the time of their employment—and continues to have—a practice of requiring all of its quail processing laborers to work such unpaid hours and overtime, including but not limited to donning and doffing required gear and certain washing activities. Therefore, Plaintiffs seek conditional certification of a collective action that would include all quail processing laborers at Defendant's Greensboro, Georgia plant. For the following reasons, the Court grants Plaintiffs' motion (Doc. 21).

1

The FLSA provides that an employer who violates the FLSA's minimum wage or overtime compensation requirements shall be liable to the affected employees in the amount of the unpaid minimum wages or unpaid overtime compensation. 29 U.S.C. § 216(b). The FLSA also provides that an action to recover such wages or compensation may be maintained against the employer as a collective action and that employees wishing to be plaintiffs in such an action must "opt in" by filing a written consent with the court. *See id.* To maintain an opt-in collective action under § 216(b), the plaintiffs "must demonstrate that they are similarly situated." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001) (internal quotation marks omitted).

The decision to create an opt-in class under § 216(b) is within the discretion of the Court. *Id.* at 1219. The Eleventh Circuit has approved a two-tiered approach for class certification. The first stage, or "notice stage," is generally based only on the pleadings and any affidavits submitted by the parties, and the Court must make a decision as to whether notice of the action should be given to potential class members. *Id.* at 1218 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)) (noting that the determination is made using a lenient standard due to "minimal evidence"). If the class is conditionally certified, then putative class members are given notice and an opportunity to "opt in." *Id.* The second stage, or "decertification" stage, typically takes place

2

on a motion to decertify a conditional class, "after discovery is largely complete and the matter is ready for trial." *Id.* At that time, the Court has more information and may make a factual determination on the similarly situated question. *Id.*[1]

When conditionally certifying a class under § 216(b), the Court must determine whether the pleadings and evidence establish that the named Plaintiffs are similarly situated to other employees such that notice should be given to potential class members. *Id.* at 1218.

> [T]he "similarly situated" requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance). [A] unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal 'similarly situated' requirement of § 216(b). [P]laintiffs bear the burden of demonstrating a reasonable basis for their claim of classwide discrimination. The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary.

*Id.* at 1219 (alterations in original; internal quotation marks and citations omitted) (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095-97 (11th Cir. 1996). To be "similarly situated," the plaintiffs "need show only that their positions are similar, not identical, to the positions held by the putative class members." *Id.* at 1217 (internal quotation marks omitted).

---

[1]Here, the parties have already engaged in some discovery, including depositions of Daniel, Wood and Weaver, as well as declarations from fourteen present employees of Defendant. Thus, there is more than "minimal evidence," but not enough evidence such that the case is "ready for trial." The Court finds that there is sufficient evidence before it to make a "notice stage" conditional certification determination but insufficient evidence at this time to make a final "decertification stage" determination.

3

Here, Plaintiffs have pointed the Court to their Declarations and to their deposition testimony.[2] The Court finds that Plaintiffs' evidence "successfully engages" Defendant's evidence to the contrary. For example, at this point, Plaintiffs' claims are not foreclosed simply because Plaintiffs describe practices that were in place during their tenure as quail processing laborers but which Defendant contends are not currently in place.

Defendant contends that Plaintiffs are not similarly situated to other potential class members because there are different categories of quail processing laborers, each with different duties, skills, and tools. It is undisputed that Defendant's plant has four departments: Kill room, Evisceration room, Deboning room, and Packing. Employees in each room have different duties and tools. Since Plaintiffs worked primarily in the Deboning room, Defendants argue that they are, at most, similarly situated to other Deboning room employees. However, it is undisputed that each Plaintiff worked in at least one other department, that employees were moved from Deboning to Packing when Deboning was "slow," that employees received on-the-job training for the different jobs, and that at least one Plaintiff had knowledge of the general duties and tasks for all four departments. Plaintiffs' evidence presented to date suggests a common payroll

---

[2]The Court did not consider those portions of the Plaintiffs' Declarations it determined were inconsistent with the Plaintiffs' deposition testimony. The Court notes that Plaintiffs also find some support in the deposition testimony of current employees of Defendant.

practice: whether the quail processing laborers are killing, eviscerating, deboning or packing the quails the employees have pre- and post-production line duties—such as washing activities and donning and doffing required gear—and some of the employees contend that they were not "on the clock" for all of these duties. Therefore, the Court finds that Plaintiffs have presented sufficient evidence, at least at this stage, to demonstrate that a determination regarding whether other potential plaintiffs are similarly situated would *not* involve a case-by-case inquiry into each employee's specific job duties.[3]

Defendant argues that even if Plaintiffs are sufficiently similarly situated, collective adjudication is not appropriate because there are individual defenses which Defendant may assert against each Plaintiff. These defenses relate chiefly to the statute of limitations; some Plaintiffs would be barred by the FLSA's ordinary two-year statute of limitations but would not be barred by the three-year statute of limitations for willful violations. *See* 29 U.S.C. § 255(a). Answering the question whether Defendant's actions were willful would require a determination of whether Defendant

---

[3]Defendant does raise the issue that while employees in the Killing, Evisceration, and Packing rooms are paid by the hour, the Deboning employees are not necessarily paid by the hour. Rather, the Deboning employees may be paid according to the number of birds they debone. However, as Defendant acknowledges, Deboning employees are paid an hourly wage under certain circumstances. Furthermore, employees that work primarily in Deboning may be assigned to work in other departments if needed. There is not presently enough evidence for the Court to determine whether Deboning employees should be placed in a separate class or subclass than other employees.

5

"'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA].'" *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1165 (11th Cir. 2008) (quoting *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128-29 (1985)). The Court concludes that this issue should not preclude collective adjudication of the central issue: whether Defendant had an improper practice that resulted in unpaid wages or uncompensated overtime.[4]

Finally, Defendant contends that Plaintiffs have not met their burden of identifying other employees of Defendant who desire to opt in. *See Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1244 (11th Cir. 2003). To date, at least one worker, Weaver, has consented to join the suit. In addition, Plaintiff has pointed the Court to some evidence that other employees of Defendant would likely join the suit if they received notice. Therefore, based on the record at this point, the Court is satisfied that others, if given notice, would opt in to the collective action.

---

[4] Defendants also suggest that Plaintiff Daniel may have released any FLSA claims she had against Defendant when she signed a release settling her workers' compensation case. The Court is not convinced that this issue should preclude collective adjudication of the FLSA claims.

CONCLUSION

The Court conditionally certifies this action so that Plaintiffs shall be permitted to pursue a conditional collective action for all quail processing laborers who are or were employed by Defendant during the past three years.[5] The parties shall submit to the Court a jointly proposed notice to class members, including any jointly proposed translations, by August 27, 2008. The parties shall also submit any necessary proposed amendments to the present scheduling order by August 27, 2008.

IT IS SO ORDERED, this 11th day of August, 2008.

    S/Clay D. Land
      CLAY D. LAND
  UNITED STATES DISTRICT JUDGE

---

[5] Plaintiffs contend that Defendant's purported violations of the FLSA were willful. Willful violations of the FLSA are subject to a three-year statute of limitations pursuant. *See* 29 U.S.C. § 255(a). The Court recognizes that opt-in Plaintiffs "are deemed to commence their civil action only when they file their written consent to opt into the class action." *Grayson*, 79 F.3d at 1106.

7