```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                     ATHENS DIVISION
```

HATTIE DANIEL, et al.,              *

    Plaintiffs,                  *

vs.                                 *      CASE NO. 3:07-CV-53 (CDL)

QUAIL INTERNATIONAL, INC.,          *

    Defendant.                   *

## O R D E R

This is a conditionally certified collective action under the Fair Labor Standards Act ("FLSA"). Before class action notices were sent to potential class members, there were two named Plaintiffs and one opt-in Plaintiff. Class action notices were sent to potential class members on September 17, 2009. Based on the Court's count, during the opt-in period, 36 individuals consented to join this action, so the total number of Plaintiffs in this action is 39. The opt-in period ended on November 16, 2009, and Defendant informed Plaintiffs on that date that it intended to seek individualized discovery from all of the opt-in Plaintiffs who had not yet been deposed.[1] Plaintiffs oppose that plan and on November 18, 2009 filed the presently pending Motion for Representative Discovery (Doc. 50), asking that the Court limit individualized discovery to six Plaintiffs. As discussed below, that motion is denied.

---

[1] According to Defendant, only four Plaintiffs were deposed before Plaintiffs filed the presently pending motion, though Plaintiffs assert that ten depositions of Defendant's employees have been taken.

Plaintiffs argue that it would be unmanageable and unreasonable to permit discovery from all of the Plaintiffs.  Plaintiffs correctly assert that representative discovery, or "sampling," is a permissible procedure for determining damages in a collective action if the class is very large.  *See, e.g., Long v. Trans World Airlines, Inc.*, 761 F. Supp. 1320, 1323 (N.D. Ill. 1991) (permitting sampling in class action brought by more than 3000 employees); *see also Smith v. Lowe's Home Ctrs.*, 236 F.R.D. 354, 358 (S.D. Ohio 2006) (approving representative discovery in case involving more than 1500 opt-in plaintiffs).   However, in an FLSA collective action where the plaintiff class is small and the discovery is related to the question of whether the individual plaintiffs are similarly situated within the meaning of the FLSA, individualized discovery is often permitted. *E.g., Ingersoll v. Royal & Sunalliance USA, Inc.*, No. C05-1774-MAT, 2006 WL 2091097, at *2 (W.D. Wash. July 25, 2006) (approving individualized discovery of 34 opt-in plaintiffs relevant to defendant's anticipated motion to decertify); *see Renfro v. Spartan Computer Servs., Inc.*, Civil Action No. 06-2284-KHV, 2008 WL 821950, at * (Mar. 26, 2008) (ruling that defendants could depose 27 FLSA opt-in plaintiffs); *see also Krueger v. N.Y. Tel. Co.*, 163 F.R.D. 446, 451 (permitting individualized discovery on damages as to all 162 class members);*Coldiron v. Pizza Hut, Inc.*, No. CV03-05865TJHMCX, 2004 WL 2601180, at *2 (C.D. Cal. Oct. 25, 2004) (granting motion to compel individualized discovery of 306 opt-in plaintiffs).

Plaintiffs ask the Court to limit individualized discovery in this action to approximately 15% of the class. However, they point to nothing in the record to demonstrate that this number is statistically significant. More importantly, Plaintiffs have not shown that individualized discovery of the Plaintiff class would raise sufficient efficiency concerns to justify representative discovery. The class is small—only 39 members. The Plaintiffs were all on notice that if they chose to opt in to this action they "may be required to participate in depositions, provide written responses, and/or testify in Court in support of [their] claims." (Notice of Class Action, Aug. 26, 2009.) Defendant intends to file a motion to decertify the class, and it seeks discovery on the question whether the opt-in Plaintiffs are similarly situated. For all of these reasons, the Court concludes that individualized discovery of the Plaintiff class members is permissible in this action. Plaintiffs' Motion for Representative Discovery (Doc. 50) is therefore denied.

Discovery in this case is set to close on January 15, 2010. Because neither party sought expedited consideration of Plaintiffs' motion for representative discovery, discovery was stalled while the briefing on Plaintiffs' motion swallowed most of the 60-day discovery period. Therefore, Defendant seeks an extension of the discovery period. The extension is granted, but no further extensions will be permitted. Discovery shall expire on March 8, 2010. Defendant's motion to decertify the conditional collective action shall be filed

3

on or before April 7, 2010. Plaintiffs' response brief shall be filed on or before April 27, 2010, and Defendant's reply brief shall be filed on or before May 7, 2010. **The Court emphasizes that no further extensions will be granted.** If either party files a motion that may impact the discovery deadline, the party must seek expedited consideration of that motion, and the parties shall continue with discovery to the maximum extent possible while the motion is pending.

    IT IS SO ORDERED, this 5th day of January, 2010.

                                                S/Clay D. Land
                                                      CLAY D. LAND
                                        UNITED STATES DISTRICT JUDGE